NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SABRINA LINDSEY STRICKLAND,<br><br>Plaintiff<br><br>v.<br><br>CAMDEN COUNTY JAIL,<br><br>Defendant | Civil No. 23-3316 (RMB/EAP)<br><br>OPINION |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon the civil rights complaint brought under 42 U.S.C. § 1983 (Docket No. 1) by *Pro Se* Plaintiff Sabrina Lindsey Strickland, a former pretrial detainee in Camden County Jail. Plaintiff submitted an application under 28 U.S.C. § 1915(a) (Docket No. 1-2), which establishes her financial eligibility to proceed without payment of the filing fee ("IFP App."), and the application will be granted. For the reasons discussed below, the Court will dismiss the complaint without prejudice.

**I.    SCREENING FOR DISMISSAL**

When IFP status is granted to a plaintiff, the court must review the complaint and dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The standard of dismissal for failure to state a claim on which relief may be granted under § 1915(e)(2)(B) is the same as the standard for a motion to dismiss under Federal Rule 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*) (quoting *Bell Atlantic*, 550 U.S. at 556).

II.   DISCUSSION

    A.   **The Complaint**

Plaintiff alleges her civil rights were violated because she was forced to sleep on the floor in Camden County Jail for twelve days between May and June 2023. (Compl., Dkt. No. 1.) The sole defendant to the complaint is Camden County Jail.

    B.   **Elements of § 1983 Claim**

To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A jail is not an entity subject to liability under 42 U.S.C. § 1983. *See Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016)

(holding Lackawanna County Prison is not an entity subject to suit under § 1983). Therefore, the Court will dismiss the complaint without prejudice.

Even if a proper defendant had been named in the complaint, sleeping on the floor for twelve days is not enough to establish a Fourteenth Amendment substantive due process violation. *See e.g. Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (holding plaintiffs who were forced to sleep on floor mattresses for three to seven months "were not subjected to genuine privations and hardship over an extended period of time for purposes of their due process claim" under the totality of the circumstances that existed in the jail at the time). Because the complaint will be dismissed without prejudice, Plaintiff may file an amended complaint, if she can allege additional facts that state a Fourteenth Amendment due process claim against a proper defendant.

### III.  CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's IFP application and dismiss the complaint without prejudice.

An appropriate Order follows.


DATE: **January 30, 2024**        s/Renée Marie Bumb
                                  Renée Marie Bumb
                                  Chief United States District Judge